**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**
**EAST ST. LOUIS DIVISION**

| | | |
|---|---|---|
| JERRIE O'DELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 07-703-GPM |
| | ) | |
| C. R. BARD, INC., and its subsidiary, | ) | |
| DAVOL INC., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT C.R. BARD, INC.'S AND DEFENDANT DAVOL INC.'S**
**AMENDED NOTICE OF REMOVAL**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants Davol Inc. ("Davol"), and C.R. Bard, Inc. ("Bard"), with full reservation of any and all defenses, objections, and exceptions, including but not limited to objections to service, venue, and statute of limitations, hereby remove the above-captioned action from the Circuit Court of the Third Judicial Circuit in and for Madison County, Illinois, to this Court. In support of removal, Defendants state as follows:

## I. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

1. Plaintiff commenced this action with her Complaint At Law ("Complaint") filed in the Circuit Court of the Third Judicial Circuit in and for Madison County, Illinois, on or about August 27, 2007. Bard was served on September 10, 2007. Davol was served on September 12, 2007.

2. As required by 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Davol and Bard (including Plaintiff's Complaint) is attached hereto as Exhibit A.

3. This Notice of Removal is properly directed to this Court pursuant to 28 U.S.C. § 1446(a), as it is the District Court embracing the Circuit Court of the Third Judicial Circuit in and for Madison County, Illinois, where Plaintiff's Complaint is pending. *See* 28 U.S.C. § 93(c).

4. This Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is being filed within 30 days after the first receipt by Defendants, through service, of Plaintiff's Complaint, which sets forth the bases for removal.

5. Pursuant to 28 U.S.C. § 1446(d), Defendants are filing a written notice of this removal with the clerk of the Circuit Court of the Third Judicial Circuit in and for Madison County, Illinois, where Plaintiff's Complaint is pending. Copies of this Notice of Removal and the written notice of same provided to the state court are also being served upon Plaintiff's counsel in accordance with 28 U.S.C. § 1446(d).

## II. THIS COURT HAS DIVERSITY JURISDICTION

6. As will be shown more fully below, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000, and there is complete diversity of citizenship between Plaintiff and Bard and Davol. Thus, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

### A. The Amount-In-Controversy Requirement Is Satisfied.

7. Although Defendants deny Plaintiff's claims, and although Plaintiff seeks an unspecified amount damages "in excess of $50,000" (Compl. "Prayer"), Defendants believe in good faith that more than $75,000 is in controversy, and therefore the amount-in-controversy requirement of 28 U.S.C. § 1332(a) has been met. Plaintiff's claims sound in product liability and seek recovery for personal injuries allegedly caused by a defective medical device, the Bard®

Ventralex® hernia repair patch, that was manufactured and sold by Davol and used in conjunction with Plaintiff's hernia repair. (*See* Compl. ¶ 1.) Plaintiff alleges that due to its allegedly defective design the Bard® Ventralex® hernia patch failed, causing medical complications including "abdominal pain, tenderness, and an abnormal 'balling' of the hernia patch." (*Id.* ¶ 14.) Plaintiff further alleges that as a result of her alleged complications from the use of the Bard® Ventralex® hernia patch, she "has suffered severe personal and pecuniary injuries; has incurred and will in the future continue to incur hospital and medical expenses; has incurred and will in the future continue to incur caretaking and other expenses; has suffered and will in the future continue to suffer great physical and mental pain and anguish; has suffered and will in the future continue to suffer disability and disfigurement[;] has suffered loss of a normal life; has lost and in the future will continue to lose earnings[;] has and will in the future suffer decreased earning capacity[;] [and] has suffered an increased risk of future harm resulting from the use of the Bard® Ventralex® Hernia Patch." (*Id.* ¶ 17.)

8. The amount-in-controversy requirement is easily met here because the types of injuries alleged in Plaintiff's Complaint, in combination with Plaintiff's compensatory damages allegations, make it "facially apparent that the claims are likely above" the requisite amount-in-controversy. *Allen v. R & H Oil & Gas Co*., 63 F.3d 1326, 1335 (5th Cir. 1995); *see also Evans v. Yum Brands, Inc*., 326 F. Supp. 2d 214, 221 (D.N.H. 2004) (denying remand where, "[o]bjectively viewed, [the plaintiff's] claims for her [injuries] and the loss of consortium and emotional distress . . . could be valued at $75,000 or more"). In fact, other plaintiffs have brought similar product liability actions against Davol and Bard and expressly pled an amount-in-controversy in excess of $75,000. *See In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 295-96 (S.D.N.Y. 2001) (looking to other suits involving the same product to resolve amount-in-

controversy inquiry); *and see*, *e.g.*, *Murrey v. C.R. Bard, Inc. and Davol Inc.*, No. 07C1008 (filed Sep. 28, 2007) (Ex. B). Furthermore, federal courts in analogous cases have held that the amount-in-controversy threshold is met because, as here, "the complaint . . . does not preclude recovery in excess of $75,000." *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d at 296.

**B. The Parties Joined In This Action Are Completely Diverse.**

9. At the time of the filing of this matter, Plaintiff was a resident of Madison County, in Granite City, Illinois. (Ex. C ¶ 2). Plaintiff currently resides at the same and intends to remain domiciled in the State of Illinois. (Ex. C ¶ 3 - 4). In addition, Plaintiff pays taxes and maintains a driver's license in the State of Illinois. (Ex. C ¶ 5). Plaintiff is a citizen of Illinois. (Ex. C ¶ 6).

10. Bard is, and has been at all relevant times, a corporation organized under the law New Jersey with its principal place of business in New Jersey. Accordingly, Bard is a citizen of New Jersey. *See* 28 U.S.C § 1332(c)(1).

11. Davol is, and has been at all relevant times, a corporation organized under the laws of the State of Delaware with its principal place of business in Rhode Island. Accordingly, Davol is a citizen of those two states. *See* 28 U.S.C. § 1332(c)(1).

WHEREFORE, Defendant C.R. Bard, Inc. and Defendant Davol Inc. respectfully remove this action from the Circuit Court of the Third Judicial Circuit in and for Madison County, Illinois, to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Should any question arise as to the propriety of this removal, Defendants respectfully request an opportunity to provide briefing and oral argument.

Dated: October 30, 2007

Respectfully submitted,

BAKER STERCHI COWDEN & RICE, L.L.C.

/s/ Deanne R. Jockish
Deanne R. Jockish
Suite 950, 1010 Market Street
St. Louis, MO 63101
Phone: (314) 231-2925
Fax: (314) 231-4857
jockish@bscr-law.com

and

Kara Trouslot Stubbs
2400 Pershing Road
Suite 500
Kansas City, MO 64108
Phone: (816) 471-2121
Fax: (816) 472-0288
stubbs@bscr-law.com

and

Kirby T. Griffis
Michael L. Junk
Spriggs & Hollingsworth
1350 I Street NW
Washington, DC 20005
Phone: (202) 898-5800
Fax: (202) 682-1639

*ATTORNEYS FOR DEFENDANT C.R. BARD, INC. AND DEFENDANT DAVOL INC.*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 30, 2007, a copy of the foregoing was electronically filed with the Court. This document is available for viewing and downloading from the Court's ECF system.

David M. Hicks
7720 Stonebridge Golf Drive
Maryville, IL 62062

BY: /s/ Deanne R. Jockish
Deanne R. Jockish