FILED

2007 AUG 27 PM 3:34

CLERK OF CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

STATE OF ILLINOIS
CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT
COUNTY OF MADISON

| | | |
|---|---|---|
| JERRIE O'DELL, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 07-L- |
| C R BARD, INC, | ) | |
| and its subsidiary, | ) | |
| DAVOL, INC., | ) | |
| Defendants | ) | |

## COMPLAINT AT LAW

Now comes the Plaintiff, Jerrie O'Dell, by her attorney, David M. Hicks, and complaining of the Defendants, C.R Bard, Inc., a corporation, and its subsidiary, Davol, Inc , a corporation, says:

### COUNT I
### (Negligence)

1. Plaintiff Jerrie O'Dell is an individual residing at 1737 Delmar Avenue in Granite City, Illinois.

2. Defendant C.R. Bard, Inc. is a corporation with offices at 730 Central Avenue in Murray Hill, New Jersey 07974.

3. Defendant Davol, Inc. is a corporation and subsidiary of Defendant C.R. Bard, Inc. with offices at 100 Sockanossett Crossroad in Cranston, Rhode Island 02920.

4. That during and before January 30, 2004 the Defendants, C.R. Bard, Inc. and its subsidiary Davol, Inc., were engaged in the business of manufacturing, distributing, and selling certain medical products, and did manufacture, distribute, and sell a certain medical product known as the Bard® Ventralex® Hernia Patch (Medium Circle with Strap, measuring 2.5" x 2.5" (6.4cm x 6.4cm))



EXHIBIT
A

5. That during and before January 30, 2004, the Defendants, C.R. Bard, Inc. and its subsidiary Davol, Inc., supplied and delivered certain medical products in the Madison County area and did sell, supply, and deliver the Bard® Ventralex® Hernia Patch (Medium Circle with Strap, measuring 2.5" x 2.5" (6.4cm x 6.4cm)) to Anderson Hospital at Maryville, Illinois.

6. That on or about January 30, 2004, the Plaintiff, Jerrie O'Dell, was under the care and treatment of a licensed physician and surgeon engaged in the practice of his profession, for a certain left lower quadrant incisional hernia condition

7. That as part of the aforesaid care and treatment, said physician advised Plaintiff, Jerrie O'Dell, to undergo incisional hernia repair with Ventralex mesh.

8. On or about January 30, 2004, the Plaintiff, Jerrie O'Dell, underwent a medical operation for an attempted incisional hernia repair with Bard® Ventralex® Hernia Patch (Medium Circle with Strap, measuring 2.5" x 2.5" (6.4cm x 6.4cm)), which is manufactured, distributed, and sold by the Defendants, C.R. Bard, Inc. and its subsidiary Davol, Inc.

9. That the Plaintiff, Jerrie O'Dell, had the aforesaid operation performed at Anderson Hospital in Maryville, Illinois.

10. That on or about December 22, 2005, the Defendants, C.R. Bard, Inc. and its subsidiary Davol, Inc., notified U.S. customers of a recall of certain medical products manufactured, distributed, and sold by the said Defendants.

11. That on or about January 24, 2007, the said Defendants expanded the recall to include additional product codes and lot numbers and sent letters to health care professionals and distributors notifying them of the most recent expansion.

12. That the United States Food and Drug Administration (FDA) has classified the Bard® Composix® Kugel® Hernia Patch recall as a Class I recall, which is the FDA's highest risk classification.

13. That the hernia repair product inserted in Plaintiff Jerrie O'Dell, the Bard® Ventralex® Hernia Patch (Medium Circle with Strap, measuring 2.5" x 2.5" (6.4cm x 6.4cm)), is not among the products currently listed on the FDA listed recall, but the product is made with a similar design in that it includes a "memory recall ring" as does the products that were recalled.

14. That subsequent to the insertion of the Bard® Ventralex® Hernia Patch (Medium Circle with Strap, measuring 2.5" x 2.5" (6.4cm x 6.4cm)) on or about January 30, 2004, the Plaintiff, Jerrie O'Dell, has had medical complications related to the repair of her incisional hernia and in particular the insertion of the Bard® Ventralex® Hernia Patch (Medium Circle with Strap, measuring 2.5" x 2.5" (6.4cm x 6.4cm)), including abdominal pain, tenderness, and an abnormal "balling" of the hernia patch.

15. The Defendants, C.R. Bard, Inc. and its subsidiary Davol, Inc., owed the Plaintiff, Jerrie O'Dell, a duty to take reasonable precautions to prevent injury or damage to her body as a foreseeable user of the medical products that Defendants manufacture, distribute, and sell.

16. That during and before January 30, 2004, the Defendants, C.R. Bard, Inc. and its subsidiary Davol, Inc., by and through its duly authorized agents and employees, did or failed to do one or more of the following acts:

a. failed to design the Bard® Ventralex® Hernia Patch (Medium Circle with Strap, measuring 2.5" x 2.5" (6.4cm x 6.4cm)) to handle the stresses of placement and use;

b. failed to manufacture the Bard® Ventralex® Hernia Patch (Medium Circle with Strap, measuring 2.5" x 2.5" (6.4cm x 6.4cm)) to withstand the stresses of placement and use;

c. failed to engage properly in testing to determine the possible negative effects of the Bard® Ventralex® Hernia Patch (Medium Circle with Strap, measuring 2.5" x 2.5" (6.4cm x 6.4cm)) on incisional hernias;

d. failed to warn or instruct of the possible negative effects of using the Bard® Ventralex® Hernia Patch (Medium Circle with Strap, measuring 2.5" x 2.5" (6.4cm x 6.4cm)) on incisional hernias; and

e. failed to specify any remedies for impairments caused by the Bard® Ventralex® Hernia Patch (Medium Circle with Strap, measuring 2.5" x 2.5" (6.4cm x 6.4cm)).

17. That as a direct and proximate result of one or more of the aforesaid careless and negligent acts of the Defendants, C.R. Bard, Inc. and its subsidiary Davol, Inc., the Plaintiff, Jerrie O'Dell, has suffered severe personal and pecuniary injuries; has incurred and will in the future continue to incur hospital and medical expenses; has incurred and will in the future continue to incur caretaking and other expenses; has suffered and will in the future continue to suffer great physical and mental pain and anguish; has suffered and will in the future continue to suffer disability and disfigurement, has suffered loss of a normal life; has lost and in the future will continue to lose earnings, has and will in the future suffer decreased earning capacity, has suffered an increased risk of future harm resulting from the use of the Bard® Ventralex® Hernia Patch (Medium Circle with Strap, measuring 2.5" x 2.5" (6.4cm x 6.4cm)).

WHEREFORE, the Plaintiff, Jerrie O'Dell, asks judgment of the Defendants, C.R. Bard, Inc. and its subsidiary Davol, Inc., in excess of $50,000

## COUNT II
## (Strict Liability)

18. The Plaintiff, Jerrie O'Dell, hereby adopts, reasserts, and realleges the allegations contained in Paragraphs 1 – 14 of Count I of her complaint into Count II of this Complaint.

19. That prior to January 30, 2004, the Bard® Ventralex® Hernia Patch (Medium Circle with Strap, measuring 2.5" x 2.5" (6.4cm x 6.4cm)) as manufactured, distributed, and sold, was in an unreasonably dangerous defective condition in that its "memory recoil ring" that opens the Bard® Ventralex® Hernia Patch (Medium Circle with Strap, measuring 2.5" x 2.5" (6.4cm x 6.4cm))

could break under the stress of placement in the intra-abdominal space, and specifically that the Defendants,

a. failed to design the Bard® Ventralex® Hernia Patch (Medium Circle with Strap, measuring 2.5" x 2.5" (6.4cm x 6.4cm)) to handle the stresses of placement and use when the foreseeable risks of the harm posed could have been reduced or avoided by the adoption of a reasonable alternative design;

b. failed to manufacture the Bard® Ventralex® Hernia Patch (Medium Circle with Strap, measuring 2.5" x 2.5" (6.4cm x 6.4cm)) without any manufacturing defects which caused the manufactured product to depart from its intended design; and

c. failed to warn or instruct of the foreseeable risks of harm posed by using the Bard® Ventralex® Hernia Patch (Medium Circle with Strap, measuring 2.5" x 2.5" (6.4cm x 6.4cm)) on incisional hernias, when such risks could have been reduced or avoided by the provision of reasonable instructions or warnings by the Defendants.

20. The Bard® Ventralex® Hernia Patch (Medium Circle with Strap, measuring 2.5" x 2.5" (6.4cm x 6.4cm)) used on the Plaintiff Jerrie O'Dell on January 30, 2004 was expected to and in fact reached her without substantial change in the condition in which it is sold

21. That as a direct and proximate result of the aforesaid unreasonably dangerous condition of the Bard® Ventralex® Hernia Patch (Medium Circle with Strap, measuring 2.5" x 2.5" (6.4cm x 6.4cm)), the Plaintiff, Jerrie O'Dell, has suffered severe personal and pecuniary injuries; has incurred and will in the future continue to incur hospital and medical expenses; has incurred and will in the future continue to incur caretaking and other expenses; has suffered and will in the future continue to suffer great physical and mental pain and anguish; has suffered and will in the future continue to suffer disability and disfigurement, has suffered loss of a normal life; has lost and in the future will continue to lose earnings, has and will in the future suffer decreased earning

capacity, has suffered an increased risk of future harm resulting from the use of the Bard® Ventralex® Hernia Patch (Medium Circle with Strap, measuring 2.5" x 2.5" (6.4cm x 6.4cm)).

WHEREFORE, the Plaintiff, Jerrie O'Dell, asks judgment of the Defendants, C.R. Bard, Inc. and its subsidiary Davol, Inc., in excess of $50,000.

COUNT III
(Implied Warranties Under the Uniform Commercial Code)

22. The Plaintiff, Jerrie O'Dell, hereby adopts, reasserts, and realleges the allegations contained in Paragraphs 1 – 13 of Count I of her complaint into Count III of this Complaint.

23 That prior to January 30, 2004, the Defendants, C R Bard, Inc. and its subsidiary Davol, Inc., did impliedly warrant that the Bard® Ventralex® Hernia Patch (Medium Circle with Strap, measuring 2.5" x 2.5" (6 4cm x 6.4cm)) was of merchantable quality pursuant to the applicable provisions of the Uniform Commercial Code.

24. That at the aforesaid time, the Defendants, C.R Bard, Inc. and its subsidiary Davol, Inc., did breach the aforesaid implied warranty in that the Bard® Ventralex® Hernia Patch (Medium Circle with Strap, measuring 2 5" x 2 5" (6.4cm x 6.4cm)) was not of merchantable quality.

25. That as a direct and proximate result of the aforesaid breach of implied warranty, the Plaintiff, Jerrie O'Dell, has suffered severe personal and pecuniary injuries; has incurred and will in the future continue to incur hospital and medical expenses; has incurred and will in the future continue to incur caretaking and other expenses; has suffered and will in the future continue to suffer great physical and mental pain and anguish; has suffered and will in the future continue to suffer disability and disfigurement, has suffered loss of a normal life; has lost and in the future will continue to lose earnings, has and will in the future suffer decreased earning capacity, has suffered an increased risk of future harm resulting from the use of the Bard® Ventralex® Hernia Patch (Medium Circle with Strap, measuring 2.5" x 2 5" (6.4cm x 6.4cm)).

WHEREFORE, the Plaintiff, Jerrie O'Dell, asks judgment of the Defendants, C.R. Bard, Inc. and its subsidiary Davol, Inc., in excess of $50,000.

David M Hicks,
Attorney for Plaintiff

CERTIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

David Hicks

David M. Hicks, A.R.D.C. #: 6275121
David M. Hicks, P.C.
Attorneys at Law
7720 Stonebridge Golf Drive
Maryville, IL 62062
618-343-0901
618-301-3360 (fax)

FILED

2007 AUG 27 PM 3:34

CLERK OF CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

**STATE OF ILLINOIS**
**CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT**
**COUNTY OF MADISON**

| | | |
|---|---|---|
| JERRIE O'DELL, | ) | |
| Plaintiff, | ) | |
| v | ) | No. 07-L- |
| C.R. BARD, INC, | ) | |
| and its subsidiary, | ) | |
| DAVOL, INC., | ) | |
| Defendants. | ) | |

**SUPREME COURT RULE 222 (b) AFFIDAVIT RE DAMAGES SOUGHT**

The undersigned states and affirms that the total of money damages sought does exceed $50,000.

Dated: 8/27/07

David M. Hicks,
Attorney for Plaintiff

David M. Hicks, A.R.D.C. #: 6275121
David M. Hicks, P.C.
Attorneys at Law
7720 Stonebridge Golf Drive
Maryville, IL 62062
618-343-0901
618-301-3360 (fax)

AUGUST 28, 2007

CONSTABLE APPLE 908-771-8861

Service accepted 9:21 am Sept. 10, 2007 J. Miller

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT
MADISON COUNTY
(618) 692-6240
WWW.CO.MADISON.IL.US

RECEIVED SEP 04 2007 By

JERRIE O'DELL
PLAINTIFF

DATE: 8/28/2007

VS.

CASE No. 2007 L 000766

C R BARD INC
730 CENTRAL AVE
MURRAY HILL NJ 07974

DEFENDANT

DEFENDANT C R BARD INC:

You are hereby summoned and required to file an answer in this case, or otherwise file your appearance, in the office of the Madison County Circuit Clerk, within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, a judgment or decree by default may be taken against you for the relief prayed in the complaint.

This summons must be returned by the officer or other person to whom it was given for service, with endorsement thereon of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed.

This summons may not be served later than 30 days after its date.

Witness: MATT MELUCCI the Clerk of said Circuit Court and the seal thereof, at Edwardsville, Illinois, this AUGUST 28, 2007.

CIRCUIT COURT MADISON COUNTY, ILLINOIS SEAL

MATT MELUCCI
CLERK OF THE CIRCUIT COURT

BY: A Bentlage
Deputy Clerk

---

(Plaintiff's attorney or plaintiff if he is not represented by an attorney)

DAVID M. HICKS
DAVID M HICKS & ASSOCIATES
7720 STONEBRIDGE GOLF DR
MARYVILLE IL 62062-2024

Date of Service: ____________________, 20____.
(To be inserted by officer on the copy left with the defendant or other person)

CASE No. 2007 L 000766

STATE OF ILLINOIS }
MADISON COUNTY } ss.

I, ______________________, Sheriff of said county, have duly served the within summons on the defendant ______________________ by leaving a copy thereof with said defendant personally, on the ______ day of ______________________, 20____.

==========================================================================

I have duly served the said summons on the defendant, ______________________ on the ______ day of ______________________, 20______, by leaving a copy of said summons on said date at his/her usual place of abode with ______________________ ______________________, a person of the family of said ______________________ of the age of 13 years or upwards and by informing such persons with whom said summons was left of the contents thereof and by also sending a copy of said summons on the ______ day of ______________________, 20______, in a sealed envelope, with postage fully prepaid, addressed to said defendant ______________________, at his/her usual place of abode, as stated hereinabove in my return.

Dated this ________ day of ______________________, 20________.

______________________
Sheriff

==========================================================================

Sheriff's Fees

Service...............$__________

Making Copies..........$__________

______ Miles Traveled..$__________

Cost of mailing copies.$__________

Return................$__________

==================================

Total.................$__________

JERRIE O'DELL

PLAINTIFF

VS.

C R BARD INC
730 CENTRAL AVE
MURRAY HILL NJ 07974

DEFENDANT

RECEIVED ON SEP 12 07 FIELD ASSURANCE DAVOL INC.

RECEIVED 9/12/07

# Affidavit of Process Server

______________________________ (NAME OF COURT)

PLAINTIFF/PETITIONER VS DEFENDANT/RESPONDENT CASE NUMBER

I James F. Mallaney, being first duly sworn, depose and say: that I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to perform said service.

**Service:** I served ______________________________ NAME OF PERSON / ENTITY BEING SERVED

with (list documents) ______________________________

by leaving with ______________ NAME ______________ RELATIONSHIP At

COPY

☐ Residence ______________ ADDRESS ______________ CITY / STATE

☐ Business ______________ ADDRESS ______________ CITY / STATE

On 9/12/07 DATE AT 9:10 Am TIME

Thereafter copies of the documents were mailed by prepaid, first class mail on ______________ DATE

from ______________ CITY ______________ STATE ______________ ZIP

**Manner of Service:**

☐ **Personal:** By personally delivering copies to the person being served.

☐ **Substituted at Residence:** By leaving copies at the dwelling house or usual place of abode of the person being served with a member of the household over the age of ________ and explaining the general nature of the papers.

☐ **Substituted at Business:** By leaving, during office hours, copies at the office of the person/entity being served with the person apparently in charge thereof

☐ **Posting:** By posting copies in a conspicuous manner to the front door of the person/entity being served

**Non-Service:** After due search, careful inquiry and diligent attempts at the address(es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):

☐ Unknown at Address ☐ Moved, Left no Forwarding ☐ Service Cancelled by Litigant ☐ Unable to Serve in Timely Fashion

☐ Address Does Not Exist ☐ Other ______________

**Service Attempts:** Service was attempted on: (1) ______ DATE TIME (2) ______ DATE TIME

(3) ______ DATE TIME (4) ______ DATE TIME (5) ______ DATE TIME

**Description:** Age_____ Sex_____ Race_____ Height_____ Weight_____ Hair_____ Beard_____ Glasses_____

______________________________ SIGNATURE OF PROCESS SERVER

SUBSCRIBED AND SWORN to before me this ________ day of ______________, 2007

______________________________ SIGNATURE OF NOTARY PUBLIC

NOTARY PUBLIC for the state of ______________

Virginia Garcia, Sr. Regulatory Affairs Assoc.

# REQUEST FOR SERVICE

**Important!!! Read Instructions on Reverse Side of Form**

| | |
|---|---|
| **TO:** Hughes Legal Support **Tel No:** <br> **Attn:** | **FROM:** **Tel No.** 618-288-6662 <br> KELLERMAN INVESTIGATIONS, LTD <br> 6611 STATE ROUTE 162 <br> MARYVILLE, IL 62062 <br> **Attn:** |

**DATE:** 9-27-07
**COURT:** Madison County, IL **CASE NO:** 07-L-766
**PLAINTIFF:** Jerrie O'Dell **SENDER'S REF. NO:** 42661
**DEFENDANT:** Davol Inc

☐ **DO TODAY** ☐ **RUSH** ☒ **ROUTINE** ☐ **LAST DAY TO SERVE** ______ **(Date)**

**PLEASE:** ☒ Serve ☐ File ☐ Serve then File ☐ File then Serve ☐ Issue then Serve

**DOCUMENTS:** (exactly as it should appear on affidavit of service)
Summons and Complaint

**SERVE:** (exactly as it should appear on affidavit of service)
Davol Inc

| | |
|---|---|
| **RESIDENCE ADDRESS:** <br><br> **PHONE NO:** | **BUSINESS ADDRESS:** <br> 100 Sockanossett Crossroad <br> Cranston, RI 02920 <br> **PHONE NO:** |

**DESCRIPTION:** Age: Sex: Race: Hgt: Wgt: Hair Color: Glasses?

**IMPORTANT!! SERVICE MUST BE MADE IN THE MANNER CHECKED BELOW:**

☐ **PERSONAL SERVICE:** By personally delivering copies to the person being served.

☐ **SUBSTITUTED SERVICE AT RESIDENCE:** By personally delivering copies to the dwelling house or usual place of abode of the person (or authorized person on behalf of an entity) being served. Person receiving documents must be at least ______ years of age and should be informed of the general nature of the documents. If the documents are served in this manner, you should/should not mail copies of same to the address where the papers were left. For additional requirements, if any, see below. May sub on ______ attempt.

☐ **SUBSTITUTED SERVICE AT BUSINESS:** By personally delivering copies to the office or place of business of the person (or authorized person on behalf of an entity) being served. Person receiving documents must be at least ______ years of age and should be informed of the general nature of the documents. If the documents are served in this manner, you should/should not mail copies of same to the address where the papers were left. For additional requirements, if any, see below. May sub on ______ attempt.

☐ **POSTING:** By posting copies in a conspicuous manner to the address of the person/entity being served. If the documents are served in this manner, you should/should not mail copies of same to the address where the papers were left. For additional requirements, if any, see below. May sub on ______ attempt.

☐ **NOTARIZE AFFIDAVIT**
☐ **USE OUR PROOF OF SERVICE (enclosed)**
☐ **RETURN PROOF BY OVERNIGHT DELIVERY**

**FILING FEE ATTACHED: $**
**WITNESS FEE ATTACHED: $**
**ADVANCE DEPOSIT ATTACHED: $**

**SPECIAL INSTRUCTIONS:**

**Total fees for services rendered should not exceed $ ______ without advance authorization!!**

...lerman Investigations
6611 St. Rt. 162
Maryville, IL 62062
Ph: 618.288.6662
Fax: 618.288.6668

S.S. [ ] Chk #: ____
Orig. on File [ ] ____
Check w Orig [ ] Chk # ____
Serv. Fee ____
Other Fees ____

Other Service: ____

ok

# RETURN TO OFFICE BY: 09/21/2007

Received: 09/04/2007 @ 10:14:00

**Job #: 42661**

Recipient:
**DAVOL INC**
**100 SOCKANOSSETT**
**CRANSTON, RI, 02920**
**PROVIDENCE County**

Server: *** OUT OF STATE – UNASSIGNED ***

Court Date: **09/27/2007 @ 00:00:00**

Docket #: **07–L–766**

Cust. Ref#:

Type of Service: **SUMMONS AND COMPLAINT**

Court: **MADISON COUNTY, IL**

Plaintiff: **JERRIE O'DELL**

Defendant: **DAVOL INC**

Date of Service: ____ Time of Service: ____

Person Served: ____ Relationship/Title: ____
Phone#: ____

Sex: ____ Skin Color: ____ Hair Color: ____ Age: ____ Height: ____ Weight: ____

ATTEMPTS

| Date | Time | Info |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

Our Client: DAVID HICKS
7720 STONEBRIDGE GOLF DRIVE
MARYVILLE IL 62062
Ph: 618-343-0901 Fax:
Occupation: LawFirm/Client

I ACKNOWLEDGE RECEIPT OF THE LEGAL DOCUMENTS LISTED ABOVE AND CONFIRM THAT THE NAMED PARTY IS NOT CURRENTLY IN ACTIVE MILITARY SERVICE. I FURTHER STATE I AM AUTHORIZED TO ACCEPT ALL LEGAL PROCESS ON BEHALF OF THE INTENDED RECIPIENT.

Rec'd By X ............................................

3I 28, 2007

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT
MADISON COUNTY
(618) 692-6240
WWW.CO.MADISON.IL.US

RECEIVED
SEP 04 2007
By

JERRIE O'DELL
PLAINTIFF

DATE: 8/28/2007

VS.

CASE No. 2007 L 000766

DAVOL INC
100 SOCKANOSSETT CROSSROAD
CRANSTON RI 02920

DEFENDANT

DEFENDANT DAVOL INC:

You are hereby summoned and required to file an answer in this case, or otherwise file your appearance in the office of the Madison County Circuit Clerk, within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, a judgment or decree by default may be taken against you for the relief prayed in the complaint

This summons must be returned by the officer or other person to whom it was given for service with endorsement thereon of service and fees, if any immediately after service If service cannot be made this summons shall be returned so endorsed

This summons may not be served later than 30 days after its date

Witness: MATT MELUCCI the Clerk of said Circuit Court and the seal thereof at Edwardsville, Illinois this AUGUST 28. 2007

(SEAL) CIRCUIT COURT MADISON CO. ILLINOIS

MATT MELUCCI
CLERK OF THE CIRCUIT COURT

BY: ABentlage
Deputy Clerk

(Plaintiff's attorney or plaintiff if he is not represented by an attorney)

DAVID M HICKS
DAVID M HICKS & ASSOCIATES
7720 STONEBRIDGE GOLF DR
MARYVILLE IL 62062-2024

Date of Service: ________________, 20____
(To be inserted by officer on the copy left with the defendant or other person)

A TRUE COPY ATTEST
SERVED
James K. Mellon
9/12/07 — 9:10am

CASE No. 2007 L 000766

STATE OF ILLINOIS }
MADISON COUNTY } ss

I, ______________________, Sheriff of said county, have duly served the within summons on the defendant ______________________ by leaving a copy thereof with said defendant personally on the ______ day of ______________________, 20____

=====================================================================

I have duly served the said summons on the defendant, ______________________ on the ______ day of ______________________, 20______, by leaving a copy of said summons on said date at his/her usual place of abode with ______________ ______________________, a person of the family of said ______________________ of the age of 13 years or upwards and by informing such persons with whom said summons was left of the contents thereof and by also sending a copy of said summons on the ______ day of ______________________, 20______, in a sealed envelope, with postage fully prepaid addressed to said defendant ______________________, at his/her usual place of abode, as stated hereinabove in my return.

Dated this ______ day of ______________________ 20______

______________________
Sheriff

=====================================================================

Sheriff's Fees

Service . . . . . . . . $________

Making Copies . . . . $________

______ Miles Traveled $________

Cost of mailing copies $________

Return . . . . . . . . . $________

=====================================

Total . . . . . . . . . $________

JERRIE O'DELL

PLAINTIFF

VS

DAVOL INC
100 SOCKANOSSETT CROSSROAD
CRANSTON RI 02920

DEFENDANT