**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**
**EAST ST. LOUIS DIVISION**

| | | |
|---|---|---|
| JERRIE O'DELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 07-703-GPM |
| | ) | |
| C. R. BARD, INC., and its subsidiary, DAVOL INC., | ) | **JURY TRIAL REQUESTED** |
| | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT C.R. BARD, INC. AND DEFENDANT DAVOL INC.**

Defendant Davol Inc. ("Davol") and Defendant C.R. Bard, Inc. ("Bard") hereby answer Plaintiff's Complaint at Law ("Complaint"), paragraph by paragraph, as follows:

**Count I - Negligence**

1. Paragraph 1 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint.

2. Defendants admit that Bard is a New Jersey corporation with its principal place of business in New Jersey.

3. Defendants admit that Davol is a wholly owned subsidiary of Bard and that it is a Delaware corporation with its principal place of business in Rhode Island.

4. To the extent that the allegations in Paragraph 4 are directed to Bard, Bard denies those allegations. To the extent that the allegations are directed to Davol, Davol admits that it has at various times engaged in the design, manufacture, and sale of an FDA-approved medical

device known as the Bard® Ventralex® Hernia Patch. Davol denies each and every remaining allegation copntained in Paragraph 4.

5. To the extent that the allegations in Paragraph 5 are directed to Bard, Bard denies those allegations. To the extent that the allegations are directed to Davol, Davol admits that it has at various times sold the Bard Ventralex Hernia Patch throughout the United States, including the state of Illinois. Davol denies each and every remaining allegation contained in Paragraph 5.

6. Paragraph 6 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint and therefore deny the same.

7. Paragraph 7 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint and therefore deny the same.

8. Paragraph 8 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint and therefore deny the same. Answering further, to the extent that the allegations in Paragraph 8 are directed to Bard, Bard denies those allegations. To the extent that the allegations are directed to Davol, Davol admits that it has at various times engaged in the design, manufacture, and sale of an FDA-approved medical device known as the Bard Ventralex Hernia Patch.

9. Paragraph 9 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and therefore deny the same.

10. Defendants admit that they initiated a voluntary recall of various types of the Composix® Kugel® Hernia Patch beginning in or about December 2005. Answering further, Defendants admit that the voluntary recall was expanded in March 2006 and then again in January 2007 to include additional types of the Composix® Kugel® Hernia Patch.

11. Defendants admit that they initiated a limited, voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches beginning in or about December 2005. Answering further, Defendants admit that the voluntary recall was expanded in March 2006 and then again in January 2007 to include additional sizes and/or types of the Composix® Kugel® Hernia Patch. These products have since been returned to the market with FDA approval.

12. Defendants admit that the voluntary recall was classified as a "Class I" recall. Defendants further admit that the FDA classifies a Class I recall as its highest recall and that FDA characterizes such a recall as representing a reasonable chance that the product will cause serious health problems or death.

13. Defendants admit that the Bard® Ventralex® Hernia Patch was not and is not part of the voluntary recall concerning the Composix® Kugel® Hernia Patch. Defendants further admit that, like the Composix® Kugel® Hernia Patch, the design of the Bard® Ventralex® Hernia Patch incorporates a "memory recoil ring."

14. Defendants deny each and every allegation contained in Paragraph 14.

15. Paragraph 15 of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph 15.

16. Defendants deny each and every allegation contained in Paragraph 16, including subparagraphs (a) through (e).

17. Paragraph 17 of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph 17.

**Count II – Strict Liability**

18. Defendants incorporate by reference each and every response to the preceding allegations as if set forth fully herein.

19. Paragraph 19 of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph 19, including subparagraphs (a) through (c).

20. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint and therefore deny the same.

21. Paragraph 21 of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph 21.

**Count III – Implied Warranties Under the Uniform Commercial Code**

22. Defendants incorporate by reference each and every response to the preceding allegations as if set forth fully herein.

23. Paragraph 23 of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph 23.

24. Paragraph 24 of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph 24.

25. Paragraph 25 of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph 25.

**AFFIRMATIVE DEFENSES**

1. The Complaint, in whole or in part, fails to state a claim or cause of action against Defendants upon which relief can be granted.

2. The doctrines contained in Restatement (Second) of Torts § 402A, Comment k, bar Plaintiff's claims against Defendants in whole or in part.

3. The doctrine(s) contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar Plaintiff's claims against Defendants in whole or in part.

4. Plaintiff's Complaint should be dismissed under the doctrine of *forum non conveniens*.

5. Applicable statutes of limitations, statutes of repose, and/or the doctrine of laches bar Plaintiff's claims in whole or in part.

6. Plaintiff's, or her agents', including her physicians', misuse or abnormal use of the product, or failure to follow instructions, bar the Plaintiff's claims in whole or in part.

7. If Plaintiff used a product sold by Defendants, then Plaintiff's claims are barred, in whole or in part, because Plaintiff assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

8. Any alleged negligent or culpable conduct of Defendants, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of Plaintiff's alleged injuries.

9. Plaintiff is responsible, in whole or in part, for any injuries he/she suffered as a result of his/her own negligence and his/her acts or omissions and therefore Plaintiff's right to recover is diminished in an amount based upon his/her individual relative degree of fault.

10. If Plaintiff used a product sold by Defendants, Plaintiff used the product for off-label purposes, which bars the Plaintiff's claims.

11. The learned intermediary doctrine bars Plaintiff's claims.

12. Plaintiff's claims are barred, in whole or in part, because the product at issue was designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

13. Plaintiff's claims are barred, in whole or in part, because the product at issue was not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

14. Plaintiff's claims are preempted, in whole or in part, by applicable federal law.

15. Plaintiff's claims are barred, in whole or in part, because Plaintiff's injuries, if any, were the result of conduct of Plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or

independent, intervening and superseding causes of the alleged injuries, including but not limited to Plaintiff's pre-existing medical conditions.

16. If Plaintiff suffered injury or damages as alleged, which is denied, such injury or damage resulted from acts or omissions of persons or entities for which Defendants are neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Defendants. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of Plaintiff's alleged injury or damages.

17. Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged injuries, if caused by the Bard® Ventralex® Hernia Patch, which is denied, were the result of Plaintiff's own idiosyncratic reactions.

18. Plaintiff failed to mitigate, which limits Plaintiff's damages, if any, in whole or in part.

19. Defendants have no legal relationship or privity with Plaintiff and owe no duty to Plaintiff by which liability could be attributed to it.

20. Defendants made no warranties of any kind, express or implied, or any representations of any nature whatsoever to Plaintiff. If any such warranties were made, whether express or implied, which Defendants specifically deny, then Plaintiff failed to give notice of any breach thereof. Moreover, Defendants effectively and fully disclaimed any warranty, express or implied, in the sale of any product for which it is responsible in this matter.

21. Plaintiff's causes of action are barred in whole or in part by Plaintiff's own comparative/contributory negligence.

22. Defendants state that if Plaintiff sustained any injuries or damages as alleged, which these Defendants specifically deny, that same was caused or contributed to be caused, in whole or in part, by the contributory or comparative negligence or fault or other culpable conduct of others, and not as a result of any negligence or any culpable conduct on the part of these Defendants. Accordingly, Defendants are entitled to the joint liability protections afforded by 735 ILCS 5/2-1117, as well as all protections afforded by the Joint Tortfeasor Contribution Act, 740 ILCS 100/1, *et seq*., regarding Defendant's right to contribution from other parties.

23. Plaintiff's recovery, if any, shall be reduced by those payments that Plaintiff received from collateral sources.

24. If Plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by Defendants' product.

25. At the time the product at issue, the Bard® Ventralex® Hernia Patch, left the custody and control of Defendants, there was no defect in said product that either caused or contributed to any injuries or damages that Plaintiff may have suffered, if any.

26. To the extent Plaintiff's Complaint seeks punitive damages, such claims are barred because such an award would violate Defendants' due process, equal protection and other rights under the United States Constitution, and any other applicable law.

27. To the extent Plaintiff's Complaint seeks punitive damages, such claims are barred because Plaintiff has failed to allege conduct warranting the imposition of punitive damages under Illinois law and/or other applicable laws.

28. To the extent Plaintiff's Complaint seeks punitive damages, applicable federal law preempts any such claim, in whole or in part.

29. Defendants hereby give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant C.R. Bard, Inc. and Defendant Davol Inc. demand judgment in their favor and against Plaintiff, dismissing Plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

**JURY DEMAND**

PLEASE TAKE NOTICE that Defendants hereby demand a trial by jury as to all issues.

Respectfully submitted,

BAKER STERCHI COWDEN & RICE, L.L.C.

/s/ Deanne R. Jockish
Deanne R. Jockish
Suite 950, 1010 Market Street
St. Louis, MO 63101
Phone: (314) 231-2925
Fax: (314) 231-4857
jockish@bscr-law.com

and

Kara Trouslot Stubbs
2400 Pershing Road
Suite 500
Kansas City, MO 64108
Phone: (816) 471-2121
Fax: (816) 472-0288
stubbs@bscr-law.com

and

Kirby T. Griffis
Michael L. Junk
Spriggs & Hollingsworth
1350 I Street NW
Washington, DC 20005

Phone: (202) 898-5800
Fax: (202) 682-1639
**ATTORNEYS FOR DEFENDANTS**
**C.R. BARD, INC. AND DAVOL INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of October, 2007, I electronically filed the foregoing with the clerk of the court by using CM/ECF system which will send electronic filing to the following attorney of record:

David M. Hicks
David M. Hicks & Associates
7720 Stonebridge Golf Drive
Maryville, IL 62062
Phone: 618-343-0901
Fax: 618-301-3360
hicksdav@yahoo.com

/s/ Deanne R. Jockish